**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Remiza Lolic,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-20-01444-PHX-GMS<br><br>**ORDER** |

At issue is the Commissioner of Social Security Administration's ("Commissioner") denial of Plaintiff Remiza Lolic's ("Plaintiff") application for disability insurance benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial. For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision (Doc. 17-3 at 16–28), as upheld by the Appeals Council, *id.* at 1–6.

**BACKGROUND**

Plaintiff alleges disability beginning on October 1, 2015 ("Onset Date"). *Id.* at 16. Her claim was denied initially on March 30, 2017, and upon reconsideration on June 30, 2017. *Id.* On May 7, 2019, she was granted a hearing. *Id.* On July 3, 2019, the ALJ denied Plaintiff's Application, and on May 22, 2020, the Appeals Council denied Plaintiff's Request for Review. *Id.* at 1.

The ALJ evaluated Plaintiff's disability based on the following severe impairments: migraine headaches, not intractable, without status migrainosus; right shoulder pain; major depressive disorder ("MDD"); and post-traumatic stress disorder ("PTSD"). *Id.* at 18. Ultimately, the ALJ concluded that Plaintiff was not disabled from the Onset Date through March 31, 2019—Plaintiff's date-last-insured. *Id.* at 28. The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id* at 19. Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). She can lift and/or carry 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk for at least 6 hours in an 8-hour workday. She can sit for at least 6 hours in an 8-hour workday. She can perform occasional climbing of ladders, ropes, or scaffolds. She can perform occasional overhead reaching with the right dominant arm. She needs to avoid concentrated exposure to extreme cold, noise, and vibrations. She needs to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. She can do work involving simple, routine tasks, with only occasional, superficial interaction with the public and co-workers. She can do work in an environment where the claimant is not expected to resolve conflicts or persuade others to follow demands. She can work in a well-defined work environment with specific, pre-set goals.

*Id.* at 21. Accordingly, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 27.

**DISCUSSION**

**I.  Legal Standards**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the

record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe," medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II.   Analysis**

Plaintiff raises three arguments on appeal. First, Plaintiff challenges the ALJ's rejection of the assessments from Petar Novakovic, M.D., certified physician assistant Julia Turchaninov, P.A.-C., Bronislava Shafran, M.D., and nurse practitioner Sorana L. Pop, N.P. Second, Plaintiff challenges the ALJ's rejection of consultative examiner Janeen A. DeMarte's, Ph.D. assessment and the ALJ's reliance upon the opinions of the state agency

consultants. Third, Plaintiff challenges the ALJ's rejection of Plaintiff's symptom testimony. The Court finds that the ALJ did not err.

### A. Symptom Testimony

Because the severity of an impairment may be greater than what can be shown by objective medical evidence alone, the ALJ considers a claimant's subjective testimony regarding pain and symptoms. 20 C.F.R. § 404.1529(c)(3); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The claimant, however, must still show objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a). However, while such evidence is required to show the existence of an underlying impairment, "the [ALJ] may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). Nevertheless, the ALJ evaluates the testimony in relation to the objective medical evidence and other evidence in determining the extent to which the pain or symptoms affect her capacity to perform basic work activities. 20 C.F.R. § 404.1529(c)(4).

Unless there is evidence of malingering by the claimant, the ALJ may only reject symptom testimony for reasons that are specific, clear, and convincing. *Burch*, 400 F.3d at 680. In evaluating the credibility of a claimant's testimony, the ALJ may consider the claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin., Comm'r*, 119 F.3d 789, 792 (9th Cir. 1997); *see* 20 C.F.R. § 404.1529(c)(4). General findings pertaining to a claimant's credibility are not sufficient. *Lester*, 81 F.3d at 821. Rather, "the ALJ must specifically identify the testimony she or he finds not be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). In doing so, the ALJ need not engage in "extensive" analysis but should, at the very least

"provide some reasoning in order [for a reviewing court] to meaningfully determine whether [the ALJ's] conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully consistent with the record. (Doc. 17-3 at 22.) As the ALJ cited no evidence of malingering, the ALJ was required to give specific, clear, and convincing reasons for rejecting Plaintiff's testimony. Plaintiff fails to show that the ALJ did not meet this standard.

Contrary to Plaintiff's assertion, the ALJ did tie-in characterization of the medical record with the symptom testimony. After listing the symptoms Plaintiff reported, the ALJ specifically discussed which medical evidence he found inconsistent with Plaintiff's reported limitations. *Id.* at 24. Further, substantial evidence supports the ALJ's determination that Plaintiff's self-reported improvement in her migraine headaches is inconsistent with her testimony of disabling limitations. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (explaining that an ALJ may discredit a claimant's subjective testimony based on conflicts between her testimony and her own conduct or on internal contradictions in her testimony). The record shows that Plaintiff reported significant improvement in her migraines. *See, e.g.*, (Docs. 17-11 at 747–51, 753, 755, 759–65; 17-10 at 588.) For example, in February 2018, Dr. Novakovic noted that Plaintiff's migraines had "significantly improved and now if they break through they are mild & are easily aborted." (Doc. 17-11 at 753.) Additionally, regardless of whether the ALJ improperly discounted Plaintiff's testimony because Plaintiff failed to report certain symptoms or because her mental health symptoms existed prior to her Onset Date, the ALJ provided other reasons for discounting the testimony that Plaintiff does not address. Accordingly, Plaintiff has not shown that the ALJ committed materially harmful error in rejecting Plaintiff's symptom testimony.

### B. Medical Opinions

The determination of a claimant's RFC is an issue reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(2). In formulating the RFC, the ALJ evaluates all medical opinions in the record and assigns a weight to each. 20 C.F.R. §§ 404.1527(b), 404.1527(c). Courts "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the ALJ should afford more weight to a treating source than a non-treating source, and greater weight to an examining physician than a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "The weight afforded a non-examining physician's testimony depends on the degree to which [he] provide[s] supporting explanations for [his] opinions." *Id.* (internal quotations and citation omitted). An ALJ must resolve any conflicts between medical opinions. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

The ALJ may assign lesser weight to a controverted opinion of a treating physician or examining physician's opinion, as is the case here, if the ALJ articulates "specific and legitimate reasons supported by substantial evidence." *Chater*, 81 F.3d at 830. An ALJ satisfies the "substantial evidence" requirement by providing a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Colvin*, 759 F.3d at 1012. The ALJ, however, need only provide "germane reasons" for discounting the opinion of a medical provider who does not meet the definition of an "acceptable medical source," such as physician assistants and nurse practitioners. *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); 20 C.F.R. § 404.1502(a).

#### 1. Dr. Novakovic and PA Turchaninov March 2017 Assessments

The ALJ assigned "low weight" to Dr. Novakovic and PA Turchaninov's March 2017 assessments. (Doc. 17-3 at 26.) The ALJ assigned the assessments low weight for

several different reasons, including that the extreme limitations in the assessments are not supported by the treatment record and that Plaintiff's headaches had greatly improved from 2017 to 2019. *Id.* at 25. Plaintiff asserts that the ALJ erred by not providing specific citations to the record. (Doc. 21 at 17.) However, the ALJ provided detailed citation to Plaintiff's treatment records for migraine headaches in a separate portion of the opinion. (Doc. 17-3 at 22.) "The ALJ is not required to repeat each citation to the record after []he has previously done so in detailed fashion." *Minnifield v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00913-PHX-MTL, 2021 WL 100105, at *3 (D. Ariz. Jan. 12, 2021). Further, the ALJ's observation that Plaintiff's migraine headaches had improved since the assessments is a specific and legitimate reason for discounting the assessments. *See Berry*, 622 F.3d at 1236. Accordingly, Plaintiff fails to show that the ALJ committed materially harmful error in rejecting Dr. Novakovic and PA Turchaninov's March 2017 assessments.

### 2. Dr. Shafran

The ALJ also assigned Dr. Shafran's assessments of March 2017 and June 2017 "low weight." (Doc. 17-3 at 26.) The ALJ discounted these assessments because Plaintiff reported that her headaches and depressive symptoms had "improved remarkably" throughout 2017 and into 2018. *Id.* As discussed above, improvement is a specific and legitimate reason for discounting an assessment. Accordingly, Plaintiff fails to show that the ALJ committed materially harmful error in rejecting Dr. Shafran's assessments.

### 3. NP Pop and PA Turchaninov

Additionally, the ALJ discounted NP Pop's 2018 assessment, (Doc. 17-10 at 659–61) and PA Turchaninov's March 2017 assessment, (Doc. 17-11 at 675–76). Plaintiff asserts the ALJ improperly discounted these assessments because he noted they were not from an "acceptable source" and rejected PA Turchaninov's assessment because it did not provide an adequate explanation. (Doc. 17-3 at 26.) Although the ALJ notes that these assessments are not from an acceptable source, it is not clear that the ALJ discounted the assessments on this basis. Further, beyond discounting PA Turchaninov's assessment for lack of explanation, Plaintiff does not address that the ALJ also discounted the sources

because they were not supported by the record and are contrary to Plaintiff's "significant improvement." *Id.* An ALJ may properly reject a medical opinion that is unsupported by the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Accordingly, the ALJ provided germane reasons for discounting the assessments.

### 4. Dr. DeMarte

The ALJ assigned "low weight" to Dr. DeMarte's psychological report because her statements "seem to be based on the claimant's reported symptoms, which are unreliable." (Doc. 17-3 at 25.) The ALJ noted, as an example, that Plaintiff told Dr. DeMarte that she has headaches everyday but, one week before, reported to Dr. Shafi that her headaches were only bi-weekly and had decreased in frequency. *Id.*

An ALJ may reject a treating physician's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotations and citation omitted). As previously discussed, the ALJ properly discounted Plaintiff's symptom testimony because of inconsistences between her testimony and her self-reports in the record. As the ALJ properly discounted Plaintiff's self-reports, and Dr. DeMarte's report, upon review, is largely based on Plaintiff's self-reports, the ALJ did not err in assigning low weight to the report.

### 5. State Agency Psychological Consultants

The ALJ assigned "substantial weight" to the state agency psychological consultants' opinions. (Doc. 17-3 at 25.) The ALJ detailed the opinions' observations and concluded that the opinions are "generally consistent with the treatment evidence, which shows the claimant's depression symptoms were mild throughout the period at issue and were treatable with use of Zoloft." *Id.*

Contrary to Plaintiff's assertion, the ALJ did not err in considering the opinions, despite that the state examiners did not review the entire record. *See Owen v. Saul*, 808 Fed. App'x. 421, 423 (9th Cir. 2020) ("[T]here is always some time lapse between a

consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time."). Further, the ALJ properly considered whether the opinions were consistent with the treatment evidence. *See Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Accordingly, Plaintiff fails to show that the ALJ erred in assigning substantial weight to the state examiners' opinions.

## CONCLUSION

For the reasons stated above, the Court finds that the ALJ's opinion is supported by substantial evidence in the record and is free from harmful legal error.

**IT IS THEREFORE ORDERED** affirming the July 3, 2019 decision of the Administrative Law Judge, as upheld by the Appeals Council on May 22, 2020. (Doc. 17-3.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 30th day of July, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge